**Fill in this information to identify your case:**

Debtor 1  **Ronald Mark Foster**

Debtor 2  **Marilyn Sue Hughes-Foster**
(Spouse, if filing)

United States Bankruptcy Court for the **Northern District of Illinois**

Case number
(If known)

Check if this is:
☐ An amended filing

Chapter you are filing under:
☐ Chapter 7
☐ Chapter 11
☐ Chapter 12
☒ Chapter 13

Official Form 101
# Voluntary Petition for Individuals Filing for Bankruptcy       12/15

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together--called a *joint case*--and in joint cases, these forms use you to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be yes if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:      Identify Yourself

|  | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| **1. Your full name**<br><br>Write the name that is on your government-issued picture identification (for example, your driver's license or passport).<br><br>Bring your picture identification to your meeting with the trustee. | **Ronald**<br>First name<br>**Mark**<br>Middle name<br>**Foster**<br>Last name<br><br>Suffix (Sr., Jr., II, III) | **Marilyn**<br>First name<br>**Sue**<br>Middle name<br>**Hughes-Foster**<br>Last name<br><br>Suffix (Sr., Jr., II, III) |
| **2. All other names you have used in the last 8 years.**<br><br>Include your married or maiden names. | **N/A**<br>First name<br><br>Middle name<br><br>Last name<br><br>Suffix (Sr., Jr., II, III)<br><br>**N/A**<br>First name<br><br>Middle name<br><br>Last name<br><br>Suffix (Sr., Jr., II, III) | **N/A**<br>First name<br><br>Middle name<br><br>Last name<br><br>Suffix (Sr., Jr., II, III)<br><br>**N/A**<br>First name<br><br>Middle name<br><br>Last name<br><br>Suffix (Sr., Jr., II, III) |

BkAssist® Software Copyright© 2010-2015 by Walter Oney. All rights reserved.

| | | | |
|---|---|---|---|
| 3. | **Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | XXX-XX-9237 | XXX-XX-6272 |

**4. Any business names and Employer Identification Numbers (EIN) you have used in the last 8 years.**

Include trade names and doing business as names.

☒ I have not used any business names or EINs

**N/A**
Business name
**N/A**
Business name

**N/A**
EIN

**N/A**
EIN

☒ I have not used any business names or EINs

**N/A**
Business name
**N/A**
Business name

**N/A**
EIN

**N/A**
EIN

**5. Where you live**

**1218 N. Harvey Ave.**
Number   Street

**Oak Park IL  60302**
City, State, Zip Code
**Cook**
County

**If your mailing address is different from the one above, fill it in here.** Note that the court will send any notices to you at this mailing address.

**N/A**
Number   Street

City, State, Zip Code

**If Debtor 2 lives at a different address:**

**Same**
Number   Street
**Same**

**Same Same**
City, State, Zip Code
**Cook**
County

**If your mailing address is different from the one above, fill it in here.** Note that the court will send any notices to you at this mailing address.

**N/A**
Number   Street

City, State, Zip Code

**6. Why you are choosing *this district* to file for bankruptcy**

*Check one:*

☒ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason. Explain. (See 28 U.S.C. § 1408.)

**N/A**

*Check one:*

☒ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason. Explain. (See 28 U.S.C. § 1408.)

**N/A**

BkAssist® Software Copyright© 2010-2015 by Walter Oney. All rights reserved.

### Part 2: Tell the Court About Your Bankruptcy Case

**7. The chapter of the Bankruptcy Code you are choosing to file under**

*Check one.* (For a brief description of each, see *Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy* (Form B2010)). Also, go to the top of page 1 and check the appropriate box.

- ☐ Chapter 7
- ☐ Chapter 11
- ☐ Chapter 12
- ☒ Chapter 13

**8. How you will pay the fee**

☒ **I will pay the entire fee when I file my petition.** Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

☐ **I need to pay the fee in installments.** If you choose this option, sign and attach the *Application for Individuals to Pay Your Filing Fee in Installments* (Official Form 103A).

☐ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments). If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

**9. Have you filed for bankruptcy within the last 8 years?**

☒ No
☐ Yes

| District **N/A** | When _____ MM/DD/YYYY | Case number _____ |
| District **N/A** | When _____ MM/DD/YYYY | Case number _____ |
| District **N/A** | When _____ MM/DD/YYYY | Case number _____ |

**10. Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

☒ No
☐ Yes

Debtor **N/A** _____ Relationship _____
District _____ When _____ MM/DD/YYYY Case number _____

Debtor **N/A** _____ Relationship _____
District _____ When _____ MM/DD/YYYY Case number _____

**11. Do you rent your residence?**

☒ No. Go to line 12.
☐ Yes. Has your landlord obtained an eviction judgment against you and do you want to stay in your residence?

    ☐ No. Go to line 12.
    ☐ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it with this bankruptcy petition.

BkAssist® Software Copyright© 2010-2015 by Walter Oney. All rights reserved.

| Part 3: | **Report About Any Businesses You Own as a Sole Proprietor** |
|---|---|

**12. Are you a sole proprietor of any full- or part-time business?**

☒ No.    Go to Part 4.

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

| Part 4: | **Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention** |
|---|---|

**14. Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

☒ No.

☐ Yes.

*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

| Part 5: | **Explain Your Efforts to Receive a Briefing About Credit Counseling** |
|---|---|

**15. Tell the court whether you have received briefing about credit counseling.**

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

About Debtor 1:

*You must check one:*

☒ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

About Debtor 2 (Spouse Only in a Joint Case):

*You must check one:*

☒ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

BkAssist® Software Copyright© 2010-2015 by Walter Oney. All rights reserved.

|  | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy. If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.** I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.** My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.** I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

---

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy. If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.** I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.** My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.** I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

BkAssist® Software Copyright© 2010-2015 by Walter Oney. All rights reserved.

| Part 6: | Answer These Questions for Reporting Purposes |
|---|---|

**16. What kind of debts do you have?**

16a. **Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

☐ No. Go to line 16b.
☒ Yes. Go to line 17.

16b. **Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

☐ No. Go to line 16c.
☐ Yes. Go to line 17.

16c. State the type of debts you owe that are not consumer debts or business debts: **N/A**

**17. Are you filing under Chapter 7?**

**Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?**

☒ No. I am not filing under Chapter 7. Go to line 18.

☐ Yes. I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

☐ No.
☐ Yes.

**18. How many creditors do you estimate that you owe?**

☒ 1-49
☐ 50-99
☐ 100-199
☐ 200-999
☐ 1,000 - 5,000
☐ 5,001 - 10,000
☐ 10,001 - 25,000
☐ 25,001 - 50,000
☐ 50,001 - 100,000
☐ More than 100,000

**19. How much do you estimate your assets to be worth?**

☐ $0 to $50,000
☐ $50,001 to $100,000
☒ $100,001 to $500,000
☐ $500,001 to $1 million
☐ $1,000,001 to $10 million
☐ $10,000,001 to $50 million
☐ $50,000,001, to $100 million
☐ $100,000,001 to $500 million
☐ $500,000,001 to $1 billion
☐ $1,000,000,001 to $10 billion
☐ $10,000,000,001 to $50 billion
☐ More than $50 billion

**20. How much do you estimate your liabilities to be?**

☐ $0 to $50,000
☐ $50,001 to $100,000
☒ $100,001 to $500,000
☐ $500,001 to $1 million
☐ $1,000,001 to $10 million
☐ $10,000,001 to $50 million
☐ $50,000,001, to $100 million
☐ $100,000,001 to $500 million
☐ $500,000,001 to $1 billion
☐ $1,000,000,001 to $10 billion
☐ $10,000,000,001 to $50 billion
☐ More than $50 billion

BkAssist® Software Copyright© 2010-2015 by Walter Oney. All rights reserved.

## Part 7: Sign Below

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11, 12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

/s/ Ronald Mark Foster                                         10/17/2016
Debtor 1                                                       MM/DD/YYYY

/s/ Marilyn Sue Hughes-Foster                                  10/17/2016
Debtor 2                                                       MM/DD/YYYY

**For your attorney, if you are represented by one**

*Note that BkAssist is licensed for use only by attorneys. If you are not represented by an attorney, you may not file this petition.*

I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible. I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect.

/s/ Matthew C Swenson                                          10/17/2016
Attorney for Debtor(s)                                         MM/DD/YYYY

**Matthew C Swenson**
Printed name
**Emerson Law Firm, LLC**
Firm name
**715 Lake St., Suite 420**
Number   Street

**Oak Park IL 60301**
City, State, ZIP Code

**(708) 660-9190**                                   matt@emersonlawfirm.com
Contact phone                                        Email address
**6304113**
Bar number

BkAssist® Software Copyright© 2010-2015 by Walter Oney. All rights reserved.

**Fill in this information to identify your case:**

Debtor 1  **Ronald Mark Foster**

Debtor 2  **Marilyn Sue Hughes-Foster**
(Spouse, if filing)

United States Bankruptcy Court for the **Northern District of Illinois**

Case number
(If known)

Check if this is:
☐ An amended filing
☐ A supplement disclosing additional payments or agreements as of

Form BKA-2030
# Disclosure of Compensation of Attorney for Debtor    12/15

Use this procedural form, if desired, to disclose the matters enumerated in 11 U.S.C. § 329 and Fed. R. Bankr. P. 2016(b).

Disclosure is required within 14 days after the order for relief or another time as the court may direct. A supplemental disclosure is required within 14 days after any payment or agreement not previously disclosed.

Attach a copy of the retainer agreement, if any.

### Part 1: Compensation

| | |
|---|---|
| For legal services, I have agreed to accept | $4,000.00 |
| Prior to the filing of this statement I have received | |
|     Retainer for legal services | $1,690.00 |
|     Retainer for expenses, including the court filing fee | $310.00 |
| Balance Due | $2,310.00 |

2. The source of the compensation paid to me was:

   ☒ Debtor    ☐ Other (specify)

3. The source of compensation to be paid to me is:

   ☒ Debtor    ☐ Other (specify)    ☐ N/A

4. ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with another person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

### Part 2: Services

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy.

   b. Preparation and filing of any petition, schedules, statement of affairs and plan that may be required.

   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof.

   d. Representation of the debtor in adversary proceedings and other contested bankruptcy matters.

BkAssist® Software Copyright© 2010-2015 by Walter Oney. All rights reserved.

e.

f.

6. By agreement with the debtor(s), the above-disclosed fee does not include the following services:

   **(None)**

7. A copy of my retainer agreement ☒ is    ☐ is not attached.

## Part 3:    Certification

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy case.

/s/ Matthew C Swenson                                              10/17/2016
Matthew C Swenson (Emerson Law Firm, LLC)                          Date

BkAssist® Software Copyright© 2010-2015 by Walter Oney. All rights reserved.

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS

## RIGHTS AND RESPONSIBILITIES AGREEMENT BETWEEN CHAPTER 13 DEBTORS AND THEIR ATTORNEYS

**(Court-Approved Retention Agreement, Use for cases filed on or after September 19, 2016)**

Chapter 13 gives debtors important rights, such as the right to keep property that could otherwise be lost through repossession or foreclosure, but Chapter 13 also puts burdens on debtors, such as the burden of making complete and truthful disclosures of their financial situation. It is important for debtors who file a Chapter 13 bankruptcy case to understand their rights and responsibilities in bankruptcy. In this connection, the advice of an attorney is often crucial. Debtors are entitled to certain services from their attorneys, but debtors also have responsibilities to their attorneys. In order to assure that debtors and their attorneys understand their rights and responsibilities in the Chapter 13 process, the judges of the Bankruptcy Court for the Northern District of Illinois have approved this agreement, setting out the rights and responsibilities of both debtors in Chapter 13 and their attorneys, including how their attorneys will be paid for their services in the Chapter 13 case. By signing this agreement, debtors and their attorneys accept these responsibilities.

The Bankruptcy Code may require a debtor's attorney to provide the debtor with certain documents and agreements at the start of the representation. The terms of this court-approved agreement take the place of any conflicting provision in an earlier agreement. This agreement cannot be modified in any way by other agreements. Any provision of another agreement between the debtor and the attorney that conflicts with this agreement is void.

### A.    BEFORE THE CASE IS FILED

THE DEBTOR AGREES TO:

1. Discuss with the attorney the debtor's objectives in filing the case.

2. Provide the attorney with full, accurate and timely information, financial and otherwise, including properly documented proof of income.

THE ATTORNEY AGREES TO:

1. Personally counsel the debtor regarding the advisability of filing either a Chapter 13 or a Chapter 7 case, discuss both procedures (as well as non-bankruptcy options) with the debtor, and answer the debtor's questions.

2. Personally explain to the debtor that the attorney is being engaged to represent the debtor on all matters arising in the case, as required by Local Bankruptcy Rule, and explain how and when the attorney's fees and the trustee's fees are determined and paid.

1

3. Personally review with the debtor and sign the completed petition, plan, statements, and schedules, as well as all amendments thereto, whether filed with the petition or later. (The schedules may be initially prepared with the help of clerical or paralegal staff of the attorney's office, but personal attention of the attorney is required for the review and signing.)

4. Timely prepare and file the debtor's petition, plan, statements, and schedules.

5. Explain to the debtor how, when, and where to make all necessary payments, including both payments that must be made directly to creditors and payments that must be made to the Chapter 13 trustee, with particular attention to housing and vehicle payments.

6. Advise the debtor of the need to maintain appropriate insurance.

### B.    *AFTER THE CASE IS FILED*

THE DEBTOR AGREES TO:

1. Make the required payments to the trustee and to whatever creditors are being paid directly or, if required payments cannot be made, notify the attorney immediately.

2. Appear punctually at the meeting of creditors (also called the "341 meeting") with recent proof of income and a picture identification card. (If the identification card does not include the debtor's social security number, the debtor must also bring to the meeting a social security card.) The debtor must be present in time for check-in and, when the case is called, for the actual examination.

3. Notify the attorney of any change in the debtor's address or telephone number.

4. Inform the attorney of any wage garnishments or liens or levies on assets that occur or continue after the filing of the case.

5. Contact the attorney immediately if the debtor loses employment, has a significant change in income, or experiences any other significant change in financial situation (such as serious illness, marriage, divorce or separation, lottery winnings, or an inheritance).

6. Notify the attorney if the debtor is sued or wishes to file a lawsuit (including divorce).

7. Inform the attorney if any tax refunds to which the debtor is entitled are seized or not received when due from the IRS or Illinois Department of Revenue.

8. Contact the attorney before buying, refinancing, or selling real property and before entering into any loan agreement.

9. Supply the attorney with copies of all tax returns filed while the case is pending.

## THE ATTORNEY AGREES TO:

1. Advise the debtor of the requirement to attend the meeting of creditors and notify the debtor of the date, time, and place of the meeting.

2. Inform the debtor that the debtor must be punctual and, in the case of a joint filing, that both spouses must appear at the same meeting.

3. Provide knowledgeable legal representation for the debtor at the meeting of creditors (in time for check-in and the actual examination) and, unless excused by the trustee, for the confirmation hearing.

4. If the attorney will be employing another attorney to attend the 341 meeting or any court hearing, personally explain to the debtor, in advance, the role and identity of the other attorney and provide the other attorney with the file in sufficient time to review it and properly represent the debtor.

5. Timely submit to the Chapter 13 trustee properly documented proof of income for the debtor, including business reports for self-employed debtors.

6. Timely respond to objections to plan confirmation and, where necessary, prepare, file, and serve an amended plan.

7. Timely prepare, file, and serve any necessary statements, amended statements, and schedules and any change of address, in accordance with information provided by the debtor.

8. Monitor all incoming case information (including, but not limited to, Order Confirming Plan, Notice of Intent to Pay Claims, and 6-month status reports) for accuracy and completeness. Contact the trustee promptly regarding any discrepancies.

9. Be available to respond to the debtor's questions throughout the term of the plan.

10. Prepare, file, and serve timely modifications to the plan after confirmation, when necessary, including modifications to suspend, lower, or increase plan payments.

11. Prepare, file, and serve necessary motions to buy or sell property and to incur debt.

12. Object to improper or invalid claims.

13. Timely respond to the Chapter 13 trustee's motions to dismiss the case, such as for payment default or unfeasibility, and to motions to increase the percentage payment to unsecured creditors.

14. Timely respond to motions for relief from stay.

15. Prepare, file, and serve all appropriate motions to avoid liens.

16. Prepare, file, and serve a notice of conversion to Chapter 7, pursuant to § 1307(a) of the Bankruptcy Code and Local Bankruptcy Rule 1017-1.

17. Provide any other legal services necessary for the administration of the case.

### C. TERMINATION OR CONVERSION OF THE CASE AFTER ENTRY OF AN ORDER APPROVING FEES AND EXPENSES

1. Approved fees and expenses paid under the provisions set out below are generally not refundable in the event that the case is dismissed prior to its completion, unless the dismissal is due to a failure by the attorney to comply with the duties set out in this agreement. If such a dismissal is due to a failure by the attorney, the court may order a refund of fees on motion by the debtor.

2. If the case is dismissed after approval of the fees and expenses but before payment of all allowed fees and expenses, the order entered by the Bankruptcy Court allowing the fees and expenses is not a judgment against the debtor for the unpaid fees and expenses based on contract law or otherwise.

3. If the case is converted to a case under Chapter 7 after approval of the fees and expenses under this agreement but before the payment of all fees and expenses, the attorney will be entitled to an administrative claim in the Chapter 7 case for any unpaid fees and expenses, pursuant to § 726(b) of the Bankruptcy Code, plus any conversion fee the attorney pays on behalf of the debtor.

### D. RETAINERS AND PREVIOUS PAYMENTS

1. The attorney may receive a retainer or other payment before filing the case but may not receive fees directly from the debtor after the filing of the case. Unless the following provision is checked and completed, any retainer received by the attorney will be treated as a security retainer, to be placed in the attorney's client trust account until approval of a fee application by the court.

> [✓] The attorney seeks to have the retainer received by the attorney treated as an advance payment retainer, which allows the attorney to take the retainer into income immediately. The attorney hereby provides the following further information and representations:
>
> (a) The special purpose for the advance payment retainer and why it is advantageous to the debtor is as follows:
>
> For compensation for work already performed in preparing Debtors' case.
>
> (b) The retainer will not be held in a client trust account and will become property of the attorney upon payment and will be deposited into the attorney's general account;
>
> (c) The retainer is a flat fee for the services to be rendered during the Chapter 13 case and will be applied for such services without the need for the attorney to keep detailed hourly time records for the specific services performed for the debtor;

4

    (d)      Any portion of the retainer that is not earned or required for expenses will be refunded to the client; and

    (e)      The attorney is unwilling to represent the debtor without receiving an advanced payment retainer because of the nature of the Chapter 13 case, the fact that the great majority of services for such case are performed prior to its filing, and the risks associated with the representation of debtors in bankruptcy cases in general.

2. In any application for compensation, the attorney must disclose to the court any fees or other compensation paid by the debtor to the attorney for any reason within the one year before the case filing, including the date(s) any such fees were paid.

### E.    *CONDUCT AND DISCHARGE*

1. *Improper conduct by the attorney.* If the debtor disputes the sufficiency or quality of the legal services provided or the amount of the fees charged by the attorney, the debtor may file an objection with the court and request a hearing.

2. *Improper conduct by the debtor.* If the attorney believes that the debtor is not complying with the debtor's responsibilities under this agreement or is otherwise engaging in improper conduct, the attorney may apply for a court order allowing the attorney to withdraw from the case.

3. *Discharge of the attorney.* The debtor may discharge the attorney at any time.

[Remaining page intentionally left blank.]

### F. ALLOWANCE AND PAYMENT OF ATTORNEYS' FEES AND EXPENSES

1. Any attorney retained to represent a debtor in a Chapter 13 case is responsible for representing the debtor on all matters arising in the case unless otherwise ordered by the court. For all of the services outlined above, the attorney will be paid a flat fee of $ 4000.00   .

2. In addition, the debtor will pay the filing fee in the case and other expenses of $ 310.00   .

3. Before signing this agreement, the attorney received $ 1690.00

   toward the flat fee, leaving a balance due of $ 2310.00  ; and $ 310.00   for expenses,

   leaving a balance due of $0   .

4. In extraordinary circumstances, such as extended evidentiary hearings or appeals, the attorney may apply to the court for additional compensation for these services. Any such application must be accompanied by an itemization of the services rendered, showing the date, the time expended, and the identity of the attorney performing the services. The debtor must be served with a copy of the application and notified of the right to appear in court to object.

Date: 10/14/2016

Signed /s/ Marilyn Foster                                /s/ Matthew R. A.
_____          _____
Debtor(s)                                                      Attorney for the Debtor(s)

Do not sign this agreement if the amounts are blank.

6

**Local Bankruptcy Form 23c**

# United States Bankruptcy Court
## Northern District of Illinois
## Chicago Division

In re: **Ronald Foster and Marilyn Hughes-Foster**        Case No.

## VERIFICATION OF CREDITOR MATRIX

I(we) verify that the attached list of creditors and the matrix file to be uploaded in this case are true and complete to the best of my(our) knowledge.

/s/ Ronald Mark Foster                                              10/17/2016
Debtor                                                              Date

/s/ Marilyn Sue Hughes-Foster                                       10/17/2016
Joint Debtor                                                        Date

BkAssist® Software Copyright© 2010-2015 by Walter Oney. All rights reserved.

1st Financial Investment Fund
3091 Governors Lake Dr.
Peachtree Corners, GA   30071

ABC Credit & Recovery
4736 Main St., Ste 4
Lisle, IL   60532

Afni, Inc.
PO Box 3097
Bloomington, IL   61702

AT&T
208 S. Akard St.
Dallas, TX   75202

ATG Credit
1700 W. Cortland St., Ste 2
Chicago, IL   60622

Bank of America
PO Box 982238
El Paso, TX   79998

Bank of America, N.A.
4909 Savarese Circle
Tampa, FL   33634

Bergstrom Law, Ltd.
9555 S. Eastern Ave., Suite 200
Las Vegas, NV   89123

CB/Talbots
PO Box 182789
Columbus, OH   43218

Chicago Title Land Trust Company
10 South LaSalle Street, Ste 2750
Chicago, IL   60603

CITI
PO Box 6241
Sioux Falls, SD   57117

```
City of Chicago
740 North Sedgwick Street
Chicago, IL  60654

Comenity Bank/Talbots
PO Box 182789
Columbus, OH  43218

Emerson Law Firm, LLC
715 Lake St., Suite 420
Oak Park, IL  60301

Hinsdale Orthopaedics
1 Erie St., #7120
Oak Park, IL  60302

Jawad G Ghanayem Ltd.
1S132 S. Summit Ave.
Oakbrook Terrace, IL  60181

Keynote Consulting
220 W. Campus Dr., Ste 102
Arlington Heights, IL  60004

Law Offices of Talan & Ktsanes
223 W. Jackson Blvd.
Chicago, IL  60606

Merchants Credit Guide
223 W. Jackson Blvd., Ste 4
Chicago, IL  60606

Merit Sleep Management LLC
1300 S. Main St.
Lombard, IL  60148

Metro Advanced Radiological
3249 Oak Park Ave.
Berwyn, IL  60402

Midwest Orthopaedics at Rush
1611 W. Harrison St.
Chicago, IL  60612
```

Sunrise Credit Services
260 Airport Plaza
Farmingdale, NY  11735

U.S. Bank
PO Box 790401
Saint Louis, MO  63179

United Guaranty Res. Ins. Co.
PO Box 601860
Charlotte, NC  28260

West Suburban Medical Center
3 Erie St.
Oak Park, IL  60302